MADDOX, Justice.
The main issues presented by this appeal are whether the sellers of a used house were under a duty to tell the buyer about the condition of the furnace and whether alleged misrepresentations concerning the furnace were actionable. Stephen Blazier sued David and Cynthia Cassady for damages, based on an alleged fraud in the sale of a used residence. The trial court granted the Cassadys’ motion for summary judgment; we affirm.
The Cassadys listed their house for sale in the summer of 1985. Blazier saw the “For Sale” sign, contacted the realtor, and then visited the house twice before submitting a written offer to the Cassadys for the purchase of the house. The Cassadys accepted Blazier’s offer, and the parties entered into a sales contract on September 23, 1985.
Before signing the contract, Blazier had not met the Cassadys, and it was not until after the contract was signed that Blazier asked either of the Cassadys about the furnace that is the subject of the alleged fraud. Mrs. Cassady told Blazier that the pilot light sometimes went out, that they did not know why, and that the furnace was old and might not last.
The evidence submitted on the motion tended to show that in March 1984 the Cassadys had been told by a Mr. Young, a neighbor who sold heating equipment, that the furnace was dangerous and needed replacing; however, there was also evidence that the city gas department and a heating company had inspected the furnace and found nothing wrong. Blazier moved into the house in November 1985 and operated the furnace for two winters and experienced no problems with the furnace other than the fact that the pilot light would go out occasionally. In June 1987, Blazier was told by a repairman sent to look at his airconditioning system that the furnace had problems and needed replacing. Blazier replaced the furnace and then filed this action.
Fraud is defined in Ala.Code 1975, § 6-5-101, as follows: “Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
The contract Blazier entered with the Cassadys was a standard form real estate contract of Blazier’s own choosing, and it contained the following provisions:
“11. CONDITION OF PROPERTY:
“Seller agrees to deliver the heating, cooling, plumbing and electrical systems and any built in appliances in operable condition at the time of closing. It shall be the responsibility of purchaser at purchaser’s expense to satisfy himself that all conditions of this contract are satisfied before closing.
*474 [[Image here]]
“14. ... [T]his contract states the entire agreement between the parties and merges in this agreement statements, representations, and covenants heretofore made and any agreements not incorporated herein are void and of no force and effect.” (Emphasis added.)
When the sale was consummated on November 1,1985, Blazier received a deed and signed a closing document, which read, in part:
“We the undersigned purchasers of the property located at 440 Riverview Circle acknowledge that we have personally inspected the property. We agree that all terms and conditions of the Real Estate Contract dated August 30 have been met; except as below:
“[No exceptions listed.]
“By our signatures we agree to accept the property ‘as is’....
“/s/ Dwight Stephen Blazier “Purchaser”
After the date of closing, but before possession was transferred, Blazier spoke with Mrs. Cassady, and this conversation was his first with either of the Cassadys. At this time, Blazier owned the house — all contract terms had merged into the deed when the property was transferred. It is this conversation that forms the basis of Blazier’s lawsuit.
We have reviewed the record in this case, and we are convinced, as was the trial judge, that summary judgment was appropriate under the particular facts of this case. We need not discuss in this opinion when, and under what circumstances, the purchaser of a used house might be able to maintain an action against the sellers. We merely hold that, under these facts, no such action exists.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., and JONES, J., concur specially.
ALMON, J., concurs in the result.